UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
MAUREEN COBAN,

               Plaintiff,

-against-

NYSARC INC AND ITS CHAPTER SULLIVAN ARC,

               Defendant.
-----------------------------------------------------------------

**07 CIV. 5783**

COMPLAINT

"*ECF Case*"

**BRIEANT**

Plaintiff, MAUREEN COBAN, through her attorney MICHAEL D. DIEDERICH, JR., complains of defendant as follows:

## THE PARTIES

1. Plaintiff Maureen Coban is, and was at all times relevant herein, a citizen of the United States and a resident of the Town of Liberty, County of Sullivan, State of New York.

2. Defendant NYSARC, Inc (hereinafter "defendant" or "ARC"), upon information and belief, is and at all times relevant herein, was a not-for-profit corporation organized and existing under the laws of the State of New York, with principal offices located at 393 Delaware Avenue, Delmar, New York 12054, with its local chapter, Sullivan ARC, located at 162 East Broadway, Monticello, NY 12701.

3. Defendant is an employer within the meaning of Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et. seq., the Age Discrimination in Employment Act, 29 U.S.C.A. § 621, et seq. ("ADEA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e ("Title VII"), and corresponding New York law.

4. Upon information and belief, defendant has, at all times herein relevant, been authorized to conduct business in the State of New York.

## JURISDICTION AND VENUE ALLEGATIONS

5. This court has jurisdiction over this action under 42 U.S.C.A. § 12101 et. seq., 29 U.S.C.A. § 621, et seq., 29 U.S.C. Chap 28, 42 U.S.C. 2000e ("Title VII"), and under 28 U.S.C. § 1331 and § 1343(4), and supplemental jurisdiction under New York law.

6. Plaintiff resides in Sullivan County, New York, and therefore venue is proper in this district.

## FACTUAL ALLEGATIONS

*Plaintiff's Background*

7. Plaintiff resides, and has at all times relevant herein resided, in the Town of Liberty, Sullivan County, New York. Plaintiff is 52 years of age and female.

8. Plaintiff believes that she was discriminated against by defendant ARC on the basis of a) her gender, b) her age, c) her perceived disability, and d) her effort to protect the mentally handicapped in their residential housing with Defendant's Sullivan County residential ("group") home located in Ferndale, NY.

9. Upon information and belief, Plaintiff was successfully employed by Defendant for 4 ½ years prior to her termination on December 5, 2005.

10. Upon information and belief, Defendant NYSARC Inc. was formed as a not-for-profit corporation and receives funding from public and private grants, direct client payments, federal funds, and contracts offered by the New York State Office of Mental Health

11. Plaintiff was hired by Defendant in July, 2001.

12. Plaintiff worked as a Direct Staff Professional, which job involved performing duties similar to that of a nurse's aide, including dispensing medications, cleaning and personal hygiene, showers, transporting around the premises, preparing meals, changing diapers, and the like.

13. While employed by Defendant at its Sullivan ARC facilities, a new resident, Vincent Knapp, was moved into the residential facility where plaintiff worked, in Ferndale, New York.

14. Upon information and belief, Mr. Knapp was a severely mentally handicapped individual who was uncontrollable, and moved to the Ferndale residence because his original Sullivan ARC house in Forestburg, NY had not been able to manage him.

15. After his arrival at the Sullivan ARC facility in Ferndale, it was apparent to all that he was extremely difficult to manage. For example, he was physically striking staff and other residents who came near him.

16. Plaintiff witnessed this, and complained to her superiors that measures were necessary to ensure both the protection of Mr. Knapp and also of her coworkers and herself.

17. There was also another resident who was at times physically violent, and plaintiff told her superiors that measures were needed to protect the staff.

18. Plaintiff also complained that as to Mr. Knapp, equipment was needed in order to provide safety both for him and also for the staff.

19. In particular, she pointed out that a "Hoyer lift" was needed in order to assist in lifting him, and also that a "Medicaid chair" would be useful for protecting him and staff.

20. It became obvious to that she risked injury to herself, and in particular to her back, if she were to attempt to wrestle with, or otherwise control Mr. Knapp. She reasonably

3

risked injury to herself if she attempted to lift his entire 160 pound weight, such as off the floor, especially if unaided by other staff.

21. There was ordinarily no male staff present, nor individuals of sufficient strength to safely handle Mr. Knapp alone.

22. Nevertheless, Plaintiff was apparently expected to be able to physically manage and handle Mr. Knapp alone. Upon information and belief, this was an utterly unreasonable expectation and dangerous to Plaintiff's own safety and that of Mr. Knapp.

23. Mr. Knapp was also at taken out of his restraint, which also placed himself and others in danger. Plaintiff complained about this.

24. After the elimination of his restraint, Mr. Knapp fell on several occasions.

25. Upon information and belief, this constituted gross negligence and abuse of Mr. Knapp by Defendant and its local management.

26. Plaintiff informed Defendant that she had problems with her back which, together with her ordinary strength as a woman of ordinary size, prevented her from lifting Mr. Knapp's 160 pounds or so as "dead weight."

27. Upon information and belief, Defendant thereafter discriminated against Plaintiff on the basis of its (unreasonable) perception that she had a physical impairment substantially limiting a major life activity, which perception was incorrect and unreasonable because Plaintiff was complaining that she could not lift the full weight of this man, Mr. Knapp.

28. Upon information and belief, Defendants' actions included falsely characterizing her as being unable to perform her job, based upon discriminatory animus including but not limited to gender discrimination, age discrimination, and disability discrimination, and also because Plaintiff had sought to aid Mr. Knapp and her coworkers.

4

29. Defendant' actions were a pretext for discrimination, and for interfering with Plaintiff in her effort to protect the mentally handicapped in their residential housing.

*Damages*

30. Upon information and belief, plaintiff has not been comparably employed since the termination by defendant.

31. Upon information and belief, recognizing that it had improperly and wrongfully terminated Plaintiff's employment, Defendant purported to offer Plaintiff new work at a different location under circumstances which were entirely unreasonable and therefore not an offer of bona fide comparable employment.

32. In particular, the new job offer was at a location much farther away, at substantially less pay, with less hours, and was a physically more difficult job including (unlike Plaintiff's original job) the specific requirement of manual lifting.

33. Upon information and belief, plaintiff has particular difficulty in finding employment because she believes that she has been blackballed by Defendant, with false and disparaging information provided to prospective employers.

*"Right to Sue" Letter*

34. Plaintiff has filed a timely charge of discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC and dated March 21, 2007, a copy of which is attached hereto as Exhibit "1."

5

# FIRST CAUSE OF ACTION—
# GENDER DISCRIMINATION,
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

*Sex discrimination*

36. Upon information and belief, Peter Ferdico, a man in his mid thirties, fired Plaintiff due to biased and discriminatory animus toward Plaintiff, including her gender and her age, and her efforts to aid in the protection of the mentally handicapped residents of Defendant's Sullivan ARC facilities in Ferndale.

*Discriminatory impact*

37. Upon information and belief, requiring women to lift as "dead weight" a full grown man, and assist a hostile adult man in his personal care, and to terminate their employment if unable to do so, is impermissibly discriminatory against women, as women cannot be reasonably expected to perform such tasks.

38. Upon information and belief, such a requirement is a violation of various provisions of federal and State labor laws.

*Retaliation for opposing gender discrimination*

39. Upon information and belief, Plaintiff opposed the impact discrimination concerning lifting "dead weight" men, not reasonably performed by women, and for such reasons she was retaliated against.

40. Upon information and belief, Plaintiff otherwise opposed gender discrimination.

## SECOND CAUSE OF ACTION—
## DISABILITY DISCRIMINATION,
## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT of 1990,
## 42 U.S.C.A. § 12101 et. seq.

41. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

42. Plaintiff's employment was terminated, in substantial part, due to Defendants' perception that Plaintiff had a physical impairment (back problems including *spina bifida* and scoleosis) substantially limiting a major life activity (e.g., working and the ability to lift), and Plaintiff's heard of such impairment.

43. As a proximate result of defendant's discrimination against plaintiff on the basis of her perceived disability and record of disability, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

44. As a further proximate result of defendant's actions, plaintiff has suffered and continues to suffer impairment and damage to plaintiff's good name and reputation by defendant.

45. As a further proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

46. The conduct of defendant was outrageous and malicious, was intended to injure plaintiff, and was done with reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages.

47. Wherefore, plaintiff seeks relief.

## THIRD CAUSE OF ACTION – AGE DISCRIMINATION

48. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

49. Upon information and belief, defendant discriminated against plaintiff on the basis of plaintiff's age, in the terms and conditions of plaintiff's employment, resulting in his wrongful termination.

50. Upon information and belief, all decision-makers regarding Plaintiff's employment were substantially younger than Plaintiff, as were her coworkers.

51. Plaintiff has been damaged thereby.

52. Plaintiff is consequently entitled to compensatory and liquated damages, together to with other authorized relief.

## FOURTH CAUSE OF ACTION—FMLA RETALIATION

53. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

54. Upon information and belief, Plaintiff was protected by the provisions of the Family Medical Leave Act.

55. Upon information and belief, defendant discriminated against plaintiff on the basis of hearing or anticipating that she would need to take FMLA leave if injured by Mr. Knapp or others at the Ferndale residence.

56. Upon information and belief, defendant discriminated against Plaintiff for refusing to discuss with her the doctor's note, and by requiring of Plaintiff that she provide medical information in connection with her back problems and on the subject of her ability to lift weight and the duration or expected duration of such condition.

57. Plaintiff was damaged thereby.

## FIFTH CAUSE OF ACTION—
## INTERFERENCE WITH PREVENTING HOUSING DISCRIMINATION

58.    Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

59.    Upon information and belief, Plaintiff sought to protect the residents of ARC who were handicapped, physically and mentally, and opposed discrimination against such residents.

60.    For her efforts to protect such handicapped residents, and oppose discrimination against them, Plaintiff was retaliated against.

61.    Upon information and belief, Section 3604 of the Federal Fair Housing Act ("Act") makes it unlawful to discriminate against any person in the provision of services relating to a dwelling if the person residing in the dwelling is handicapped.

62.    In particular, Plaintiff was protected under the Act, and in particular 42 U.S.C. § 3617, which provides:

> "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person...on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section[] ... 3604 ... of this title."

63.    Upon information and belief, the residents at Defendant's Ferndale facility qualify for protection under the Act. See, e.g., Calder v. Planned Community Living, 1995 WL 456400 (S.D.N.Y. 1995).

64.    Upon information and belief, plaintiff sought to protect Mr. Knapp and others, residents of a dwelling owed or rented by Defendant, but was interfered with and retaliated against for her actions to protect such mentally and physically handicapped residents.

65.    Plaintiff was damaged thereby.

## SIXTH CAUSE OF ACTION—
## BREACH OF CONTRACT

66. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

67. Upon information and belief, Plaintiff sought to protect the residents of ARC who were handicapped, physically and mentally, and opposed discrimination against such residents.

68. Upon information and belief, Defendant advertises (e.g., on its website) its services and employees as being "advocates" for its mentally handicapped residents.

***Implied contractual obligation to protect handicapped residents***

69. Upon information and belief, there is an implied contractual obligation of an employer not to terminate an employee's contract, whether at will or otherwise, for opposing unethical conduct. See, Wieder v. Skala, 593 N.Y.S.2d 752 (N.Y. 1992).

70. Upon information and belief, allegation of abuse of mentally ill patients at institutions such as ARC is exceedingly serious, and such employers are required under New York law to report and to investigate such matters. Upon information and belief, Plaintiff has stated facts which, if proved at trial, will have stated a claim for breach of contract. See, Calder v. Planned Community Living, Inc., 1995 WL 456400 (S.D.N.Y.,1995).

***College tuition credit***

71. Upon information and belief, the terms of Plaintiff's contract with Defendant, she was entitled to receive the $.50 per hour extra toward further college education or based upon Plaintiff's associate degree.

72. Upon information and belief, this amounted to approximately $4,000 which plaintiff was due, yet not paid.

73. Plaintiff was damaged thereby.

## SEVENTH CAUSE OF ACTION—DEFAMATION & "BLACKLISTING"

74. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

75. Upon information and belief, defendant's agents have "blackballed" and otherwise published false and defamatory statements regarding Plaintiff, thereby preventing plaintiff from obtaining replacement employment.

76. Upon information and belief, defendant falsely communicated to outside entities or persons its characterization of Plaintiff as having, or purporting to have, a physically disabling impairment.

77. Plaintiff was damaged thereby.

## EIGHTH CAUSE OF ACTION—
## VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

78. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

**Disability, Age & Gender Discrimination**

79. Upon information and belief, in discriminating against plaintiff based upon plaintiff's physical disability, her gender, and her age, defendant caused plaintiff damage, in violation of the anti-discrimination provisions of New York State law, including the N.Y.S. Human Rights Law. See, N.Y.S. Executive Law, article 15.

***Retaliation***

80. Plaintiff was damaged thereby.

## NINTH CAUSE OF ACTION—
## WHISTLEBLOWING RETALIATION AND REPRISAL

81. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

82. Upon information and belief, Defendant has retaliated against Plaintiff for "blowing the whistle" regarding the dangerous conditions, and the health and safety, of its residents, including Mr. Vincent Knapp.

83. Upon information and belief, other employees of Defendant have been retaliated against for similar whistle-blowing, including one of Plaintiff's former supervisors, AnnMarie Rheul.

84. Upon information and belief, Plaintiff was also retaliated against for seeking to protect the health and safety of her coworkers, or also physically endangered by being required to manage a strong, and uncooperative (even hostile) physically and mentally disabled resident, a full grown male resident.

85. Plaintiff was damaged thereby.

WHEREFORE, plaintiff prays that this Court grant judgment to him containing the following relief:

    a. An award of plaintiff's actual damages in an amount not less than $1,000,000 for loss of wages, benefits, and promotional opportunities, including an award of back pay for all lost salary, and front pay compensating plaintiff for loss of future salary and benefits;

    b. An award of damages in an amount not less than $1,000,000 to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

    c. An award of punitive damages;

    d. An order enjoining defendant from engaging in the wrongful practices alleged herein and to provide plaintiff with a reasonable accommodation;

    e. An award of liquidated damages on plaintiff's age discrimination claim;

f.  An award of reasonable attorneys' fees and the costs of this action; and

g.  Such other and further relief as this Court may deem just and proper.

**Jury Demand**

Plaintiff requests trial by jury in this action.

Dated: Stony Point, New York
       June 19, 2007

_____
MICHAEL D. DIEDERICH, JR.
*Attorney for Plaintiff*    (MD 2097)
361 Route 210
Stony Point, NY 10980
(845) 942-0795

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Maureen Coban**
9 Lewis Street
Liberty, NY 12754

From: **New York District Office**
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

EEOC Charge No.: **16G-2006-01332**
EEOC Representative: **Holly M. Woodyard, Investigator**
Telephone No.: **(212) 336-3643**

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr., Director

3/21/07 (Date Mailed)

Enclosures(s)

cc: **NYSARC, INC. – Sullivan County Chapter**
162 East Broadway
Monticello, NY 12701
Attn: Human Resource Director

Robert Heiferman, esq.
Jackson Lewis, LLP
One North Broadway, Suite 1502
White Plains, NY.m 10601

**EXHIBIT 1**